Filed 2/14/22  P. v. Dicks CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ERIC DICKS,<br><br>    Defendant and Appellant. | B312600<br><br>(Los Angeles County<br>Super. Ct. No. A776772) |

THE COURT:

Eric Dicks challenges an order summarily denying his petition to be resentenced.  (Pen. Code, § 1170.95.)[1]

Dicks was convicted by jury in 1987 of two counts of first degree murder.  The jury found he personally used a rifle and committed more than one murder.  (§§ 187, subd. (a), 190.2,

---

[1] Undesignated statutory references are to the Penal Code.

subd. (a)(3), 1203.06, subd. (a)(1), 12022.5.)  The court denied Dicks's motion to strike the multiple murder special circumstance and sentenced him to life in prison without the possibility of parole.

This court affirmed the judgment in *People v. Dicks* (Feb. 4, 1993, B031281) [nonpub. opn.].  We wrote that Dicks and two fellow gang members, all armed, went to the home of a rival gangster on September 11, 1985.  They knocked on the door, opened fire on a youngster who answered, then entered the home and repeatedly shot the boy's mother.  The child was killed by a .38-caliber weapon fired by Dicks's codefendant; Dicks's .30-.30-caliber rifle could have caused one of the mother's fatal wounds.  The probation report shows that Dicks was 18 years old at the time of the murders.

In 2021, Dicks petitioned to be resentenced.  (§ 1170.95.)  The trial court summarily denied his petition without appointing counsel.  Citing our 1993 opinion, the court found Dicks "was the actual killer and was convicted of murder on a theory of being the direct perpetrator and not on a theory of felony murder of any degree, or a theory of natural and probable consequences."  Dicks appealed.  (§ 1237, subd. (b).)

We appointed counsel to represent Dicks in his appeal.  After examining the record, counsel filed an opening brief raising no issues.  (*People v. Wende* (1979) 25 Cal.3d 436, 441–443.)  We advised Dicks that he could personally submit any contentions or issues that he wished to raise on appeal.  He did not submit a supplemental brief.

We are unable to conduct a proper review because the superior court lost the resentencing petition, through no fault of appellant.  Absent a complete record, we do not know if Dicks's

petition was facially compliant or whether he requested the appointment of counsel. (§ 1170.95, subds. (a), (b)(1)(C); *People v. Lewis* (2021) 11 Cal.5th 952, 967–970.)

We reverse the summary denial of Dicks's petition and remand the case with directions to appoint counsel for Dicks to assist him in filing a new petition under section 1170.95 and to make any colorable claim for relief he might wish to raise.

NOT TO BE PUBLISHED.

LUI, P. J.        ASHMANN-GERST, J.        HOFFSTADT, J.